JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Emanuel Williams appeals from the decision of the Cuyahoga County Common Pleas Court that sentenced him on two counts of attempted murder with firearm specifications and one count of simple assault after accepting defendant's guilty plea to these charges. For the reasons that follow, we affirm.
 {¶ 2} Before accepting defendant's plea, the court informed defendant of the possible consequences of his guilty pleas and his constitutional rights. In addition, the court considered defendant's account of the circumstances leading up to the offenses to which he voluntarily pled guilty. The court then found defendant guilty. (R. 15). Thereafter, the court conducted a sentencing hearing where the defendant and the victims testified, along with several other witnesses who testified on defendant's behalf. For purposes of imposing sentence, the court also considered a presentence investigation report, "extensive" victim impact statements, medical records and defendant's sentencing memorandum.
 {¶ 3} After consideration of all of the evidence, the court commented that defendant's conduct appeared consistent with that of felonious assault; however, the court also expressly noted that the defendant inflicted "very, very serious injuries" on his victims. (Tr. 59, 61). The court then, considering statutory factors, concluded that recidivism was unlikely but that imposition of the minimum sentence would demean the seriousness of the offender's conduct. (Tr. 61-62). Consequently, the court imposed six months for the simple assault, three years mandatory for the gun specifications, to run concurrently to each other, and an additional five years for the two counts of attempted murder.[1] Defendant's total sentence amounted to eight years.
 {¶ 4} Defendant assigns a single error for our review:
 {¶ 5} "I. The sentence imposed in this matter is contrary to law."
 {¶ 6} We cannot reverse the trial court on sentencing unless there is clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08(G).
 {¶ 7} The gist of defendant's contention on appeal is that the court's imposition of sentence runs afoul of the stated purposes of sentencing because the court explicitly concluded that the defendant's conduct amounted to felonious assault and not attempted murder. Thus, the defendant argues, the court's decision to impose sentence for attempted murder cannot possibly be "consistent with sentences imposed for similar crimes committed by similar offenders" as required by R.C. 2929.11(B). See State v. Lyons, 2002 Ohio 3424, P30-P33, Cuyahoga App. No. 80220 (the trial court must insure that any sentence it imposes is consistent with that imposed for similar crimes by similar offenders).
 {¶ 8} The State urges us to affirm arguing that the five-year sentence falls within the permissible sentencing range for felonious assault, which is a felony of the second degree.[2] The State asserts that any error by the court is therefore harmless. As set forth below, we find that defendant voluntarily entered a plea to attempted murder and that the trial court complied with the statutory guidelines in sentencing.
 {¶ 9} The provisions of R.C. 2929.11(B) require that the court impose a sentence consistent with "similar crimes committed by similar offenders." The court's comments concerning its belief that the circumstances presented at sentencing are more suggestive of a felonious assault, while not ideal terminology, essentially indicate the court's opinion of a less serious nature of attempted murder with a firearm specification as pled by defendant under the particular circumstances of this case. We note that the evidence presented at sentencing is not necessarily the same evidence that would be elicited had the defendant opted to pursue a trial of this matter. Thus, the court's opinion in this regard is not definitive of what it would have found had the case proceeded to trial. The defendant, by entering his plea, conclusively established his guilt of the crimes to which he pled. The isolated statement by the court in the context of imposing sentence does not negate the voluntary and knowing plea the defendant made and the court accepted on the charges of attempted murder and simple assault.
 {¶ 10} The court also complied with the requirements of R.C.2929.14(B) in deviating from imposing the minimum sentence. In addressing the trial court's discretion in deviating from imposing the shortest prison term, the Ohio Supreme Court directs that "a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum." State v. Edmonson (1999), 86 Ohio St.3d 324, 327. However, the trial court need not give its reasons. Instead, the court must note that "it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id. at 326.
 {¶ 11} In this case, the court complied with the statutory directives as expounded upon by the Ohio Supreme Court. The court found that imposition of the minimum sentence would demean the seriousness of the crime, one of the sanctioned reasons applicable for deviating from imposing the shortest prison term. (Tr. 61-62).
 {¶ 12} Having reviewed the entire record, we find that the trial court's sentence is supported by clear and convincing evidence and, therefore, decline to modify the sentence pursuant to R.C. 2953.08.
 {¶ 13} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).
[1] Attempted murder is a felony of the first degree carrying possible prison terms ranging from three to ten years.
[2] Felonies of the first degree allow for prison terms ranging between two to eight years.